**UNITED STATES ex rel.
Albert KUMITIS
v.
Alfred T. RUNDLE, Warden.
Misc. No. M-2621.**

United States District Court
E. D. Pennsylvania.

Aug. 10, 1965.

Albert Kumitis, in personam.

No appearance for respondent.

BODY, District Judge.

Albert Kumitis, the petitioner, was tried and convicted on two indictments for burglary, larceny, receiving stolen goods, and conspiracy. Before and during the trial he was represented by court-appointed counsel. After his conviction a motion for a new trial was filed by counsel. Thereafter, his counsel asked to be relieved of his duty, and the court permitted his withdrawal.

The motion for new trial was argued by the petitioner; and likewise, petitioner was without counsel when he was sentenced to seven and one-half to fifteen years on each of the two indictments to run concurrently.

Thereafter, petitioner appealed to the Superior Court where he argued his own case.

Accordingly, it appears that Kumitis was without the assistance of counsel on his appeal after his conviction by the jury. The case of Commonwealth v. Sliva, 415 Pa. 537, 204 A.2d 455, clearly provides that under these circumstances he was denied his constitutional right to counsel at the critical stage of the proceedings against him after conviction. See also Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

The District Attorney of Bucks County affirmed the above-recited facts and agreed in open court that counsel should be appointed for the petitioner.

Accordingly, the writ of habeas corpus shall be granted within ninety (90) days of the date hereof, unless the Court of Quarter Sessions of Bucks County shall appoint counsel to represent Albert Kumitis, the petitioner, at a re-argument for new trial and all critical stages of any subsequent proceedings.